**UNITED STATES of America,**
**Appellee,**

v.

**Adewale ADENIYI, also known as M.D. A. Bernard Ackerman, also known as Scott C. Anderson, also known as Mr. Johnson, also known as Adewale Saubana, Defendant–Appellant.**

**No. 05–5247–cr.**

United States Court of Appeals, Second Circuit.

May 6, 2008.

---

Jeremy Gutman (Maria G. Giordano, on the brief), New York, NY, for Appellant.

Danial A. Braun, Assistant United States Attorney (Joshua Klein, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Adewale Adeniyi appeals from a judgment of conviction entered on September 19, 2005, in the United States District Court for the Southern District of New York (Swain, J.). Adeniyi was indicted for his participation in an "advanced fee scheme" in which he and his confederates defrauded four victims, collectively, out of more than $300,000 by duping them into believing that they would receive large sums of money, via investments, commissions or bequests, if only they paid up front a fee to cover putative administrative and other costs. Adeniyi was convicted, following a jury trial, of conspiracy to commit wire fraud and to pass fictitious obligations, 18 U.S.C. § 371; substantive wire fraud, 18 U.S.C. §§ 1343 and 2; and passing fictitious obligations, 18 U.S.C. §§ 514(a)(2) and 2. He was sentenced principally to a term of 41 months' imprisonment. He argues on appeal that the admission of out-of-court statements and the failure to excuse a juror during trial require his conviction to be vacated. The parties' familiarity with the underlying facts, the procedural history, and the issues presented for review is presumed.

■ *A. Admission of Third–Party Statements Made at Adeniyi's Arrest.* Adeniyi argues that the district court erred in admitting a Secret Service agent's testimony regarding statements made by Adeniyi's common-law wife, Yinka Wilkerson, at the time of Adeniyi's arrest. Agent John Bross testified that when he and fellow agents arrived at Adeniyi's home to arrest him, they saw Adeniyi's car out

front. They knocked several times on the door, announcing "police" and "Secret Service" a number of times. After about three or four minutes, Wilkerson opened the door. The agents asked for Adeniyi, and Wilkerson replied that he was "traveling on business." When asked where Adeniyi was traveling, Wilkerson "paused and looked down, and kind of shrugged her shoulders and said I don't know. He just told me that he was traveling on business." The agents then obtained permission to enter the home and found Adeniyi hiding in the basement, crouched behind a couch in the darkness. Wilkerson did not testify at trial. Her statements were admitted through Agent Bross's testimony, offered as evidence of Adeniyi's consciousness of guilt in that they evinced a coordinated attempt to frustrate law enforcement efforts to arrest Adeniyi. The district court's evidentiary ruling is reviewed for abuse of discretion. *See United States v. Tocco,* 135 F.3d 116, 128 (2d Cir.1998). As the above makes clear, the jury heard overwhelming evidence that Adeniyi attempted to avoid apprehension. The testimony recounting Wilkerson's remark was cumulative of this evidence, and, therefore, any alleged error in its admission would not be grounds for reversal. *See United States v. Dukagjini,* 326 F.3d 45, 61–62 (2d Cir.2003).

■ *B. Admission of Victims' Statements to Investigating Agent.* Adeniyi argues that his Sixth Amendment right to confront the witnesses against him was violated when the district court allowed an agent to testify regarding the information he received from two victims that led him to investigate Adeniyi. Adeniyi failed to object to this testimony on Confrontation Clause grounds at trial and so we review this claim for plain error. *See United States v. Dukagjini,* 326 F.3d 45, 60 (2d Cir.2003). The agent's testimony about

the victims' statements was properly admitted because it was not offered for the purpose of establishing the truth of the matters asserted. *See Crawford v. Washington,* 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The district court admitted limited testimony as background evidence to explain what caused the agent to open an investigation. "Background evidence may be admitted to . . . furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Reifler,* 446 F.3d 65, 92 (2d Cir.2006) (internal quotation marks omitted). The district court's admission of this testimony was not error, much less plain error.

■ *C. Juror Disclosure During Trial.* Adeniyi argues that he was deprived of his right to trial by an impartial jury, because a juror failed to disclose information during voir dire which, if revealed would have justified that juror's removal for cause. "[A] party moving for a new trial based on juror nondisclosure or misstatements" must satisfy a two-pronged test: (1) "the party must show that a 'juror failed to answer honestly a material question on *voir dire.* ' "; and (2) "the party must show that 'a correct response would have provided a valid basis for a challenge for cause.' " *United States v. Greer,* 285 F.3d 158, 170 (2d Cir.2002) (quoting *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984)). The juror disclosed, on the second day of trial, that he had personal experience of fraud, in the form of bounced checks submitted to his business, but that it had not occurred to him during *voir dire* that this might make him a crime victim. The district court found that the juror did not fail to answer honestly a material question on *voir dire* (because "the information he provided was not directly responsive to any of the ques-

tions asked of him by the Court"), and that nothing in the juror's disclosure, or in his responses to further questioning, permitted an inference of bias or provided the basis for a challenge for cause. The decision whether to replace a sitting juror is within the sound discretion of the district court. *See* Fed.R.Crim.P. 24(c). Abuse of that discretion will be found only "where there is bias or prejudice to the defendant." *United States v. Purdy,* 144 F.3d 241, 247 (2d Cir.1998) (internal quotation marks omitted). The record evidence is sufficient to place the district court's decision to retain the juror within its broad discretion.

Finding no merit in Adeniyi's remaining arguments, the judgment of the district court is hereby **AFFIRMED.**